**STATE of Missouri, Respondent,**

v.

**Richard Bradford STRAYHORN, Appellant.**

**No. 37103.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 25, 1977.

Richard L. Rodemeyer, Asst. Public Defender, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, John D. Ashcroft, Atty. Gen., Courtney Goodman, Jr., Pros. Atty., Clayton, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Defendant has appealed his conviction of attempted first degree burglary. He does not question the sufficiency of the evidence and raises only one point: erroneous admission of police Officer Warren's testimony as to what defendant had told him when apprehended without defendant having been given a Miranda warning.

The background: Carl Lister and his wife were awakened by the sound of a breaking window. They investigated and defendant fled as Mr. Lister faced him at the broken window. Minutes later police blocked de-

fendant's car as he drove away from the curb. When Officer Warren ordered defendant out of his car, he made the challenged statement:

"Q. What did he say to you at this time?

A. [Officer Warren] He said he was there to visit a girl friend; I believe he gave the name Joy."

The state concedes defendant was then under arrest and defendant concedes that the point can now only be considered under plain error Rule 27.20(c).

The determinative issue is whether defendant's answer was in response to Officer Warren's questioning—in which case a Miranda warning would be required—or was volunteered and thereby required no such warning. *Miranda v. Arizona,* 384 U.S. 436, l.c. 478, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The wording of the challenged statement, considered alone, implies it was given in response to the police officer's question rather than being a voluntary statement. On inquiry about the statement's timing, Officer Warren specifically testified he had asked defendant no question when he "blurted out" the statement about having been in the apartment building. After an extended colloquy and further questions to Officer Warren, the court so found and let the challenged statement stand.

We consider the issue under the plain error rule which "is to be applied on a case-by-case basis where substantial rights are affected and there is a strong, clear showing that injustice will result if the rule is not invoked." *State v. Embry,* 530 S.W.2d 401[2] (Mo.App.1975). We conclude there is no "strong, clear showing" of error producing injustice to defendant and, so considered, defendant's point is denied.

Judgment affirmed.

DOWD and WEIER, JJ., concur.